IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD D. KRAUSE, TRUSTEE ) <br> OF THE KRAUSE CHILDREN'S ) <br> TRUSTS I, II, III, IV, AND V. ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Civil Action Case No.  05-1243-WEB |

**PETITION TO QUASH SUMMONS**

COMES NOW Richard D. Krause, Trustee of the Krause Children's Trusts I, II, III, IV, and V, and petitioner herein, by and through his attorneys of record, Brian G. Grace of the Law Office of Brian G. Grace and Gregory L. Franken of Bever Dye, and brings this action against the United States of America, pursuant to 26 U.S.C. §§ 7402(a), 7604, and 7609(b).  In support of his Petition, petitioner alleges and states as follows:

1.  The Court has jurisdiction over this matter, pursuant to 26 U.S.C. §§ 7402(a), 7604, and 7609.

2.  The petitioner has a business address of 3109 12th Street, Great Bend, Kansas.

3.  Petitioner is the duly appointed, qualified and acting Trustee of the five Krause children's trusts.

4.  Shortly after July 8, 2005, petitioner was served with a Summons by the Internal Revenue Service for the testimony and production of documents by petitioner and relating to the five Krause children's trusts.  A copy of the summons is attached to this Petition as Exhibit 1.

5.   The summons directs petitioner to testify and produce, *inter alia*, as follows:

**PERIODS**: Calendar years ending December 31, 1975, December 31, 1978, December 31, 1979, December 31, 1980, December 31, 1981, December 31, 1982, December 31, 1983, December 31, 1986, December 31, 1994, December 31, 1995, and December 31, 2003

In addition to testimony, you are required to furnish all records in your possession pertaining to the following trusts: Gary E. Krause Trust, Krause Children Trust No. I, Gary E. Krause Trust, Krause Children Trust No. II, Gary E. Krause Trust, Krause Children Trust No. III, Gary E. Krause Trust, Krause Children Trust No. IV, Gary E. Krause Trust, Krause Children Trust No. V. These records are to include but are not limited to:

1. The documents establishing the trusts.

2. All bank records pertaining to trust bank accounts.

3. Records of minutes for any and all trustee meetings.

4. Correspondence between you and any other trustees, trustors, beneficiaries and any other persons involved with the trusts.

5. Correspondence with attorneys working on behalf of the trusts.

6. All records pertaining to property in which the trusts have an interest.

7. Insurance records.

6.   Petitioner objects to the summons on the ground that compliance with its terms would require petitioner to disclose documents and information that are protected by the attorney-client privilege as well as the doctrine of work-product. The scope of the summons is also overly broad,

and petitioner requests an order from this Court that properly restricts the information required to be produced to those materials that are not protected from disclosure by the attorney-client or work-product privilege.

7. It cannot be disputed that the attorney-client privilege is properly asserted in the context of an IRS summons, such as that presented here. *Colton v. United States,* 306 F.2d 633 (2nd Cir. 1962), *cert. denied*, 371 U.S. 951 (1963); *United States v. Schenectady Savings Bank*, 525 F. Supp. 647 (N.D.N.Y. 1981).

8. From the outset, Petitioner acknowledges that he is not entitled to a blanket declaration from this Court prohibiting all disclosure of the information requested. The authorities are clear that the privilege extends only to the substance of those matters communicated to an attorney in professional confidence and not factual matters of a general nature that do not call for confidential communication. *Colton*, 306 F.2d at 636-637. *See United States v. Cote*, 456 F.2d 142 (8th Cir. 1972); *United States v. Merrell*, 303 F. Supp. 490 (N.D.N.Y.) 1969.

9. To the extent the summons seeks disclosure of the general factual information provided by Petitioner to attorneys concerning the creation of and administration of the Trusts, Petitioner does not have any objection to that disclosure. Moreover, if Petitioner believed that this information were the focus of the summons, this Petition would be unnecessary.

10. The focal point of the IRS's investigation into the Trusts, however, and the primary purpose of the summons here at issue, is believed to be the transfer of property into or out of the trusts and especially the transfer of any property to or from the Grantor of the Trusts, Gary E. Krause. In particular, Petitioner contends that the IRS is seeking specific information from him and his attorneys past and present regarding communications that he may have had with attorneys as to the

creation and funding of the Trusts.  To the extent any such communications may exist, these matters are clearly within the scope of the attorney-client privilege and would be protected from disclosure.

11. The summons also requests that Petitioner produce documents prepared or received by him which pertain to the legal representation of Petitioner by attorneys.  All of such documents contain attorney-client communications as well as work-product.

WHEREFORE, Petitioner requests this Court enter an Order quashing the summons here at issue and providing for such other and further relief as the Court deems just and equitable.

Plaintiff requests Wichita, Kansas, as place of trial.

                                  Respectfully submitted,

By: /s/Brian G. Grace
      Brian G. Grace
      Kansas Bar No. 06510
      Attorneys for Petitioner
      LAW OFFICES OF BRIAN G. GRACE
      100 North Broadway, Suite 510
      Wichita, KS 67202
      Telephone: 316-269-2006
      Fax: 316-269-0437
      E-mail: bggrace@guplaw.com


Gregory L. Franken
Bar No. 11770
Co-Counsel for Petitioner
BEVER DYE, L.C.
106 W. Douglas, Suite 700
Wichita, KS 67202
Telephone: 316/262-8294
Fax: 316/263-3142
E-mail: gfranken@beverdye.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above **PETITION TO QUASH SUMMONS** was served by Certified Mail - Return Receipt Requested, properly addressed and with adequate postage, this 28th day of July, 2005, to:

Marsha K. Waterbury
Mail Stop 5131-WIC
271 W. Third St., Suite 5000
Wichita, KS 67202
    Issuing Officer

Emily Bennett Metzger
United States Attorney
1200 Epic Center
301 N. Main
Wichita, KS 67202

John Ashcroft
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

    s/ Brian G. Grace
    Brian G. Grace, #06510

Krause\Pleadings\Petition