## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| RICHARD D. KRAUSE, TRUSTEE OF THE | ) | |
| KRAUSE CHILDREN'S TRUST I, II, III, IV, | ) | |
| AND V | ) | |
| | ) | |
| Petitioner, | ) | Case No.: 05-1243-WEB |
| | ) | |
| | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent | ) | |
|_____| ) | |

### MEMORANDUM OF LAW
### IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS

On July 20, 2005, Revenue Officer Marsha Waterbury, ("RO Waterbury") served an IRS administrative summons on petitioner, Richard D. Krause, ("Richard Krause" or "petitioner") in his capacity as the trustee of the Krause Children's Trust I, II, III, IV, and V.[1]  RO Waterbury served the summons in aid of efforts to collect Federal taxes that have been assessed against Krause's brother, Gary E. Krause.[2]

Rather than produce the documents sought by the summons, on July 28, 2005, Krause filed a Petition to Quash the administrative summons on the ground that the information sought by the summons was protected from production by the attorney-client privilege.[3]  However, as

_____

[1]Declaration of Marsha K. Waterbury ("Waterbury Dec."), attached as Ex. 1 at ¶ 2, 12-13.

[2] Id. at ¶¶ 12-13.

[3]  The Government is filing a separate Petition to Enforce the IRS Summons simultaneously with this motion to dismiss.  As explained in the petition and in the RO Waterbury's declaration, Richard Krause has not complied with the summons or raised any meritorious objections to it.

1

explained more fully below, this Court is without jurisdiction to entertain Richard Krause's Petition to Quash for several reasons.  First, although sections 7402 and 7604 of Title 26 of the United States Code grant this Court jurisdiction to enforce an IRS summons, neither section grants this Court jurisdiction to entertain a petition to quash an IRS summons.   Similarly, although 26 U.S.C. § 7609(b) contains a limited waiver of sovereign immunity which provide the district courts with jurisdiction to adjudicate petitions to quash filed by taxpayers, petitioner Richard Krause's petition to quash does not fall within this limited waiver of sovereign immunity for two reasons.   First, the limited waiver of sovereign immunity contained in section 7609(b) extends to taxpayers, but not to the recipients of third party summonses, such as Mr. Krause.   Second, subsection (c) of section 7609 clearly states that the waiver of sovereign immunity set forth in section 7609(b) does not authorize a petition to quash an IRS summons that is issued in aid of collection, such as the summons here.  Because the United States has not waived its sovereign immunity to this action, the Court should dismiss Richard Krause's petition for lack of subject matter jurisdiction.

## STATEMENT OF FACTS

The IRS has assessed taxes and interest against Gary E. Krause in the amount of $2,603,495.31 in connection with tax returns he filed for the years 1975, 1978 -1983, 1986, 1994 and 1996.[4]  In an effort to collect these assessed taxes, RO Marsha K. Waterbury began an

---

[4]  Waterbury Dec. at ¶ 4.  On December 1, 1999, the IRS issued assessments against Mr. Krause for the years 1994 and 1995 in the amounts of $60,725.01 and  $239,267.81.  On May 31, 2001, the IRS sent an assessment notice to Mr. Krause for the year 1975 in the amount of $11,982.62, an assessment for tax year1978 in the amount of $393,919.32, an assessment for the tax year 1979 in the amount of  $104,665.54, an assessment for tax year 1980 in the amount of $178,438.54, an assessment for tax year 1981 in the amount of $ 89,294.04, an assessment for tax year 1982 in the amount of $711,092.52, an assessment for tax year 1983 in the amount of

investigation to identify assets that could be used to satisfy Mr. Krause's tax debt.[5]   RO

Waterbury could not find any assets held in Mr. Krause's name.[6]   However, RO Waterbury

discovered that there were multiple suspicious transactions between Gary E. Krause and two

trusts, of which petitioner, Richard D. Krause, is the trustee.[7]

For example, Gary E. Krause currently resides at 7711 Oneida Court, Wichita, Kansas

("the Oneida Court property").[8]   In an effort to determine whether the trusts were nominees of

Gary Krause, RO Waterbury reviewed the public records and discovered that Gary Krause's ex-

wife, Teresa Briggs Krause, obtained the title to this property on October 4, 1995.[9]  On April 7,

1998, an entity known as the Krause Children's Trust No.5 provided Ms. Krause with a

mortgage in the amount of $305,000.   Less than a year later, Ms. Krause executed a quitclaim

---

$773,649.96, and an assessment for tax year 1986 in the amount of  $40,460.99.  Id.  at ¶4-6.
The IRS refrained from assessing taxes for the years 1975, 1978-83, and 1986 because Mr.
Krause had filed a suit in the Tax Court challenging the IRS's decision disallowing deductions
for partnership losses because the partnerships that generated the losses lacked the requisite
profit motive.  Ultimately, the Tax Court upheld the IRS's determination.   See Krause v.
Commissioner of Internal Revenue, 99 T.C. 132 (1992), aff'd, R.A. Hildebrand et al. v.
Commissioner of Internal Revnue, 28 F.3d 1024 (10th Cir. 1994), cert. denied, 513 U.S. 1079
(1995).   Eventually, the IRS and Gary Krause settled this suit in February 2001, and the
assessments followed.   Despite the terms of his agreement, Gary Krause has not paid these
deficiencies.

[5]Waterbury Dec. at ¶ 3.

[6] Id. at ¶ 7.

[7] Id. at ¶¶ 7-11.

[8] Id. at ¶ 8.

[9] Id.  Gary and Teresa Krause were subsequently divorced on November 15, 2002.
Teresa Briggs Krause currently resides at 1709 W. Anita Avenue in Wichita, Kansas.   Id.

- 3 -

transferring the Oneida Court property to Krause Children's Trust No.1. [10]

However, the utility records for the Oneida Court property indicate that Mr. Krause continues to use this property as his personal residence.  Account records from Kansas Gas Service and Westar Energy, which provide the utilities to the Oneida Court property, identify Ms. Teresa Briggs Krause as the account holder, although Ms. Krause currently resides at 1709 W. Anita Avenue in Wichita, Kansas.[11]  Furthermore, the most recent utility payments were made by checks signed by Gary Krause and drawn on the account of Financial Investment Management Corporation, an entity incorporated by Gary Krause. [12]

In addition, RO Waterbury noticed several unusual transactions involving another piece of residential property, 37 Mission Road, Wichita, Kansas, which was formerly owned by Gary and Teresa Krause.[13]  According to the public records, Gary Krause and his wife, Teresa Briggs Krause, purchased the 37 Mission Road property on April 13, 1988.  On February 2, 1996, Teresa Krause transferred her interest in the 37 Mission Road property to an entity known as Drake Enterprises.  Gary Krause executed a quitclaim deed to Drake Enterprises on March 16, 1998.[14]  Drake Enterprises subsequently transferred the 37 Mission Road property to Stephen

---

[10] Id.

[11] Id. At ¶ 9.

[12] Id.  Furthermore, these suspicious transfers continue.  On August 5, 2005, shortly after receiving the IRS summons, Richard Krause, acting as trustee of Krause Children's Trust No. 1, executed a Trustee's Warranty Deed, pursuant to which he sold the Oneida Court property to PHR, LLC.  Significantly, public records indicate that PHR LLC was incorporated on July 29, 2005 and identify Richard Krause as its registered agent.  See Waterbury Dec. at ¶ 21.

[13] Id. at ¶10.

[14] Id.

and Judy Burns on March 16, 1998.  Significantly, public records indicate that Gary Krause is the president of Drake Enterprises, which he established on November 11, 1998, and that his minor son, Drake Ellsworth Krause, is the primary stockholder of Drake Enterprises.[15]

As a result of this research, RO Waterbury decided to investigate the Krause Children's Trusts I, II, III, IV, and V to determine(1) whether these were bona fide trusts; (2) whether the transactions between Gary Krause and the trusts were fraudulent conveyances;[16] and (3) whether the trusts held assets which could be levied upon to satisfy Gary Krause's substantial tax debt.[17] Accordingly, on July 8, 2005, she served a summons upon Richard D. Krause, the trustee of the trusts.[18]  The summons directed Richard Krause to appear at the IRS offices in Wichita, Kansas, on August 5, 2005, to provide testimony and further directed him to produce "all records in [his] possession pertaining to the following trusts: Gary E. Krause Trust, Krause Children's Trust No. I, Krause Children's Trust No. II, Krause Children's Trust No. III, Krause Children's Trust No. IV, and Krause Children's Trust No. V." [19]  Specifically, the summons required Richard Krause to produce the documents establishing the trusts, bank records of the trusts, records of trustee meetings, correspondence between Richard Krause and other trustees, trustors, and beneficiaries, correspondence with attorneys, all records pertaining to property in which the trusts have an

---

[15] Id.

[16] To establish a fraudulent conveyence, one must prove that the grantor intended to hinder, delay, or defraud creditors or transfers property to another person without receiving something of equivalent value in return.  McCain Foods USA Inc. v. Central Processors, Inc., 275 Kan. 1, 9, 61 P.3d 68, 75(S.Ct. 2002).

[17] Waterbury Dec. at ¶ 12.

[18] Id. at ¶ 13.

[19] Id. at ¶ 14.

interest, and insurance records.[20]

Shortly after RO Waterbury served the summons, she received a phone call from Gregory Franken, who identified himself as an attorney representing Richard Krause.[21]  Mr. Franken advised RO Waterbury that Richard Krause was on vacation and, therefore, he needed additional time to produce the documents.[22]   He did not raise any objection to producing the documents on the basis of attorney-client privilege or any other objection.[23]  RO Waterbury advised Mr. Franken that she could not discuss the summons with him until he filed a Power of Attorney (POA) on behalf of Richard Krause, and further advised him that she would be happy to discuss scheduling once Mr. Franken filed the POA.[24]  Mr. Franken sent RO Waterbury a POA later that day.[25]   Rather than take any action to comply with the summons, Richard Krause filed this Petition to Quash on July 28, 2005.

---

[20] Id.

[21] Id. at ¶ 16.

[22] Id.

[23] Id.

[24] Id. at ¶ 17.

[25] Id.  Although Mr. Franken filed the POA with RO Waterbury, he did not contact RO Waterbury regarding the summons until after Richard Krause filed the petition to quash, and this contact followed a discussion between Richard Krause's counsel of record in this matter, Brian Grace, and Government counsel in this matter.   Id. at ¶ 22.

1356257.1

ARGUMENT

I.     This Court Lacks Jurisdiction To Entertain The Petition To Quash Filed By Petitioner
       Richard D. Krause

       "A proceeding to quash [a summons] is, in effect, a suit against the United States."  Clay

v. United States, 199 F.3d 876, 879 (6th Cir. 1999); accord Faber v. United States, 921 F.2d.

1118, 1119 (10th Cir. 1990).  It is well settled that "the United States, as sovereign, is immune

from suit, save as it consents to be sued."  United States v. Dalm, 494 U.S. 596, 608 (1990)

citing United States v. Testan, 424 U.S. 392, 399 (1976); accord Faber v. United States, 921

F.2d. 1118, 1119 (10th Cir. 1990).   Thus, a party seeking to sue the United States must identify

some legislation by which Congress has "expressly and unequivocally"  waived the United

States' sovereign immunity.   Barnes v. United States, 199 F.3d 386, 388 (7th Cir. 1999), citing

Dalm, 494 U.S. at 608; accord  United States v. King, 395 U.S. 1, 4 (1969)(waivers of soveriegn

immunity "cannot be implied but must be unequivocally expressed" ); accord Faber v. United

States, 921 F.2d. at 1119 (waivers of soveriegn immunity must be unequivocally expressed.)

Moreover, any waiver of sovereign immunity must be strictly construed, and courts must avoid

enlarging the waiver "beyond what the statutory language requires."  Shaw v. Library of

Congress, 478 U.S. 310, 318.   In short, the language of the statute which purportedly waives

sovereign immunity "define[s] [the] court's jurisdiction to entertain the suit."   Dalm, 494 U.S. at

608 citing Testan, 424 U.S. at 399.

       Mr. Krause bears the burden of demonstrating that this Court possesses jurisdiction to

entertain his Petition to Quash.  Karnes v. Boeing Co., 335 F.3d 1189, 1993-94 (10th Cir. 2003).

Mr. Krause cannot meet this burden.  In the Petition to Quash, Mr. Krause contends that sections

7402(a), 7604 and 7609 of  Title 26 of the U.S. Code vest this Court with jurisdiction to entertain

1356257.1

his petition to quash.   However, these statutes do not waive sovereign immunity for this suit.

As explained more fully below, it is clear from the language of the statutes upon which Richard Krause relies that the United States has not consented to petitions to quash brought by recipients of IRS summonses.  Indeed, although sections 7402(a) and 7604 grant this Court jurisdiction to *enforce* IRS summons at the request of the United States, these statutes contain no language authorizing this Court to adjudicate petitions to quash IRS summonses.   Furthermore, although section 7609 allows *taxpayers* to file petitions to quash third party summons in certain limited circumstances, it does not vest this Court with jurisdiction to entertain a petition filed by a recipient of a summons, such as Richard Krause.  Moreover, section 7609 expressly prohibits petitions to quash summonses that are issued in aid of the IRS's efforts to collect tax assessments and judgments.  Each issue is discussed in turn.

A.    Sections 7402(a) and 7604 of Title 26, Which Grant This Court Jurisdiction To Enforce IRS Summons, Do Not Vest This Court With To Entertain Mr. Krause's Petition To Quash

Contrary to Mr. Krause's assertions, neither section 7402(a) nor section 7604 grants this Court jurisdiction to entertain a petition to quash an IRS summons.   Although sections 7402(a) and 7604 vest the district courts of the United States with jurisdiction to *enforce* IRS summonses, neither statute contains any language authorizing the district courts to entertain petitions to quash summonses.  Indeed, the cases which have addressed this issue have uniformly found that neither statute provides a jurisdictional grant for entertaining petitions to quash IRS summonses.  See Rodio v. Commissioner, 138 F.R.D. 341, 344 (D.R.I. 1991)(granting a motion to dismiss a petition to quash because section 7402 and 7604 provide "that the government alone can invoke the jurisdiction of this court . . . by filing an enforcement action"), accord Foundation

- 8 -                                   1356257.1

of Human Understanding v. United States, (2001 WL 1386051)(D.Or. Sept. 6, 2001).

Section 7402(a), which is entitled "Jurisdiction of District Courts," vests the district courts with jurisdiction to issue orders, writs, and judgments *at the request of the United States*. It states, in pertinent part:

> (a) To Issue Orders, Processes, and Judgments:   The district courts of the United States *at the instance of the United States* shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as *may be necessary and appropriate for the enforcement of the internal revenue laws.* (Emphasis added)

This language, which provides the Courts with jurisdiction to grant relief to and at the request of the United States, contains no language empowering the district courts to entertain suits brought by private parties *against* the United States.

Moreover, the language of subsection (a) of section 7402 must be interpreted in light of the language and purpose of the statute as a whole.   Household Credit Services, Inc. v. Pfenning, 124 S.Ct. 1741, 1747 (2004); Barmes, 199 F.3d at 389.[26]   Subsection (b) of  section 7402, which is entitled "To Enforce Summons,"  states that "the district courts of the United States shall have jurisdiction to compel . . . attendance, testimony, or production of

---

[26]  Indeed, the Supreme Court has characterized "statutory construction [as] a 'holistic endeavor,'" and has observed that  "[a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme." Koons Buick Pontiac GMC, Inc. v. Nigh, 125 S.Ct. 460. 466-67 (2004).

1356257.1

books, papers or other data." 26 U.S.C. § 7402(b).[27]   Significantly, however, subsection(b) does not contain any language that grants jurisdiction to adjudicate petitions to quash.   Indeed, there is no language in section 7402 that could be construed as granting the district courts jurisdiction to adjudicate a petition to quash an IRS summons.

Mr. Krause's reliance upon section 7406, which is entitled "Enforcement of Summonses," is similarly misplaced.   Although the language of section 7604 grants the district courts of the United States jurisdiction to enforce summonses, it does not establish jurisdiction to entertain petitions to quash summonses.   Section 7604(a), which is entitled "Jurisdiction of District Courts," contains the same exact language as section 7402(b).   Section 7604(a) provides:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district courts of the United States *shall have jurisdiction to compel such attendance, testimony, or production of books, papers or other data.*  (Emphasis added).

However, section 7604, like section 7402, does not contain any provision granting the United States district courts jurisdiction to entertain petitions to quash filed by recipients of IRS summonses.

In sum,  although sections 7402 and 7604 of Title 26 expressly grant jurisdiction to the United States district courts to enforce IRS summons, they contain absolutely no language that

---

[27]   Section 7402(b) states:
> (b) To *Enforce* Summons. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district courts of the United States *shall have jurisdiction to compel such attendance, testimony, or production of books, papers or other data.*  (Emphasis added).

1356257.1

grants the district courts authority to entertain petitions to quash administrative summons.   Thus,

there is no language in either section 7402 or 7604 which could be interpreted as waiving the

United States' sovereign immunity from suit.   Accordingly, neither statute can be construed as a

waiver of sovereign immunity because "waivers of sovereign immunity must be unequivocally

expressed."   Faber v. United States, 921 F.2d. at 1119; Shaw, 478 U.S. at 318.   Therefore,

neither section 7402 nor 7604 vest this Court with jurisdiction to hear Mr. Krause's petition to

quash.   Rodio, 138 F.R.D. at 344; see also Foundation of Human Understanding v. United

States, (2001 WL 1386051)(D.Or. Sept. 6, 2001).

     B.     Section 7609 Does Not Vest This Court With Jurisdiction To Entertain Mr.
            Krause's Petition To Quash

     Richard Krause's assertion that 26 U.S.C. § 7609 grants this Court jurisdiction to

entertain his petition to quash is similarly flawed.   Although section 7609(b) provides a limited

waiver of sovereign immunity by authorizing petitions to quash in certain very limited

circumstances, see  Faber, 921 F.2d at 1119; accord Upton v. IRS, 104 F.3d 543, 545 (2d Cir.

1997), that limited waiver does not extend to this case for two reasons.   As a threshold matter,

section 7609 does not authorize the recipient of a summons, such as Richard Krause, to file a

petition to quash, and thus, there is no waiver of sovereign immunity with respect to the petition

to quash filed by Mr. Krause.   In addition, section 7609(c) identifies several situations where the

right to file a petition to quash set forth in section 7609(b) is not available.   Pursuant to section

7609(c)(2)(D), there is no right to file a petition to quash where, as here, the summons was

issued in aid of collection of any tax assessment made or judgment rendered.   Each issue is

discussed in turn.

1356257.1

      i.     Section 7609 Does Not Provide This Court With Jurisdiction To
                 <u>Adjudicate A Petition To Quash Filed By The Recipient Of A Summons</u>

Like any waiver of sovereign immunity, the language of section 7609 "must be strictly construed." <u>Faber</u>, 921 F.2d at 1119.  Therefore, analysis of the extent of this waiver, and hence, the scope of this court's jurisdiction, begins with a strict construction of the language of section 7609.  <u>Clay v. United States</u>, 199 F.3d 876, 879; <u>Barmes</u>, 199 F.3d at 388; Faber, 921 F.2d at 1119; <u>Ponsford v. United States</u>, 771 F.2d 1305, 1309 (9th Cir. 1985).  The language of subsection(b) of section 7609,[28] which contains the waiver of sovereign immunity upon which Mr. Krause mistakenly relies, states that: "*any person who is entitled to notice of a summons under subsection (a) shall have the right* to begin a proceeding to quash a summons not later than the 20th day after such notice is given . . .." 26 U.S.C. § 7609(b)(2)(A).  (Emphasis added).  Thus, the language of section 7609(b)(2)(A)  provides a limited waiver of the government's sovereign immunity, by granting the right to file a petition to quash to those persons identified in section 7609(a), .[29]  However, the persons identified in section 7609(a) are the taxpayers who are the

---

[28]Section 7609(b), which is entitled "Right to Intervene, Right to Proceeding to Quash," states in pertinent part:

    (2) Proceeding to Quash.-
        (A) In General. - Notwithstanding any other law or rule of law, *any person who is entitled to notice of a summons under subsection (a) shall have the right* to begin a proceeding to quash a summons not later than the 20th day after such notice is given . . .. (Emphasis added).

[29]Indeed, "a person has a right to bring a proceeding only if he or she is entitled to notice." <u>Davidson v. United States</u>, 149 F.3d 1190, 1998 WL 339541 at *1(10th Cir. 1998).  As a general rule, whenever the IRS serves a summons upon certain, statutorily identified third-party record keepers, it must serve the taxpayer whose records are sought with a copy of the summons within three days.  <u>See</u> 26 U.S.C. § 7609(a); <u>Barmes</u>, 199 F.3d at 388.

1356257.1

subject of the IRS investigation, not the recipients of the summons.   Subsection(a) of section

7609 provides, in pertinent part:

(a) Notice -

(1)      If any summons to which this section applies requires the giving of
testimony on or related to, the production of any portion of records made or kept
on or relating to, or the production of any computer software source code . . . with
respect to, any person (other than the person summoned) who is identified in the
summons, *then notice of the summons shall be given to any person so identified
within 3 days after service is made . . .. Such notice shall be accompanied by a
copy of the summons that has been served and shall contain an explanation of the
right under subsection(b)(2) to bring a proceeding to quash the summons.*

26 U.S.C. § 7609(a)(1)(emphasis added).   The plain language of section 7609(a)(1) thus

indicates that the only party who is entitled to notice pursuant to subsection(a)(1) is the *taxpayer*

under investigation.   Clearly, the person who is served with the summons, the recipient of the

summons, is not entitled to separate notice of the summons.

Significantly, neither subsection (a) nor subsection (b) of section 7609 confer any

procedural rights upon the party who has been *served* with the summons.   Rather, both 7609(a)

and 7609(b) are focused entirely upon the party who received *notice* of the summons.   Indeed,

section 7609(a)(1) states that the required "notice shall be accompanied by a copy of the

summons that has been served," and that the notice "shall contain an explanation of the right

under subsection(b)(2) to bring a proceeding to quash."  26 U.S.C. § 7609(a)(1).   Likewise,

section 7609(b) grants the right to file a petition to quash to "any person who receives notice of a

summons."  Congress's decision to use this narrow and precise language, which discusses the

rights of those who receive *notice*, as oppose to those who recive *service,* of a summons,

indicates that Congress did not intend to waive soveriegn immunity to allow the recipient of a

third party summons to file a petition to quash.   Rather, this language indicates that Congress

- 13 -

only intended to waived sovereign immunity to allow courts to adjudicate petitions to quash filed by a taxpayer who is the subject of the IRS investigation.   If Congress intended to waive sovereign immunity to petitions to quash filed by recipients of third party summonses, it would not have employed the narrow language authorizing suits by those entitled to *notice* in section 7609(a) and 7609(b).

The language of section 7609(a) and 7609(b), when read together, is thus fatal to Mr. Krause's contention that section 7609 provides this Court with jurisdiction to adjudicate his petition, because he is not a taxpayer who was entitled to receive notice of the summons, but rather was the third party who was actually served with the summons.   Niemeyer v. United States, 1996 WL 756527 at *4 (C.D. Ill 1996).  Because this Court must avoid enlarging the waiver "beyond what the statutory language requires," Shaw v. Library of Congress, 478 U.S. 310, 318, the Court should reject Mr. Krause's contention that section 7609 establishes jurisdiction to adjudicate this case.

ii.     Section 7609 Does Not Waive Sovereign Immunity In Situations Where The IRS
        Issues A Summons In Aid Of Collection Of Judgments and Assessments

In addition to the fact that Congress expressly declined to waive sovereign immunity to allow the recipient of a summons to file a petition to quash, it also expressly prohibited the district courts from entertaining petitions to quash when a third party summons is issued in aid of collection.   Indeed, subsection(c) of section 7609 expressly withdraws both the taxpayer's right to notice and the taxpayer's right to file a petition to quash in connection with  certain types of summonses.  See Oliva v. United States, 221 F.R.D. 540, 544 (D. Hawaii 2003)("Section 7609(c) explains that [the] notice requirements and petition rights [set forth in 7609(b)] do not apply to all summonses.")  Subsection (c) of section 7609 provides, in pertinent part:

1356257.1

(2) Exceptions. - This section shall not apply to any summons -
    (D) issued in aid of collection of -
        (i) an assessment made or judgment rendered against the person with respect whose liability the summons is issued; or
        (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

26 U.S.C. § 7609(c)(2)(D)(i)-(ii).   Thus, the notice requirements and petition rights created by Section 7609(b) do not exist "when a third-party summons is issued in aid of collection of . . . an assessment made or a judgment rendered."  Barmes, 199 F.3d at 388.  In other words, the very statute upon which Mr. Krause relies to establish jurisdiction unequivocally states that the right to file petitions does not extend to a summons issued to aid in the collection of judgments of an assessment or judgment.  26 U.S.C. § 7609(c)(2)(D)(i).   Likewise, the waiver of sovereign immunity set forth in section 7609(b) does not extend to any summons issued to assist efforts to collect judgments by attaching the assets of a taxpayer's transferees or fiduciaries.   26 U.S.C. § 7609(c)(2)(D)(ii).

In light of the express language of section 7609(c), several courts have "conclude[d] that the United States has not waived its sovereign immunity" to suit when IRS summonses are issued in aid of collection of assessments or judgments.  Oliva v. United States, 221 F.R.D. 540, 544 (D. Hawaii 2003); accord Barmes, 199 F.3d at 389-390.  Indeed, in two unpublished decisions, the U.S. Court of Appeals for the 10th Circuit held that "no court has subject matter jurisdiction over [a petition to quash] proceeding if the summons was issued 'in aid of collection of the liability of any person against whom an assessment has been made or a judgment has been rendered."  Pflum v. United States, 125 F.3d 862, 1997 WL 606909 at * 1 (10th Cir. 1997); see also Davidson v. United States, 149 F.3d 1190, 1998 WL 339541 at * 1 (10th Cir. 1998)(holding that "if a summons is issued in aid of collection, no notice is required, and the district court does

not have subject matter jurisdiction over a petition to quash the summons.")

The record demonstrates that the summons that Richard Krause wishes to quash was issued to aid the IRS's efforts to collect an assessment rendered against Gary E. Krause.  Indeed, the summons itself states that it was issued in aid of collection.[30]  Moreover, RO Waterbury's declaration explains that she issued the summons in furtherance of her efforts to collect the taxes that have been assessed against Gary Krause.[31]

Thus, it is quite clear that the summons that Richard Krause asks this Court to quash was issued in aid of collection efforts.   Because Congress expressly declined to grant the district courts of the United States jurisdiction to entertain petitions to quash summonses that are issued in aid of collection of judgments or assessment,  26 U.S.C. § 7609(c)(2)(D);  Barmes, 199 F.3d at 389-390; Oliva v. United States, 221 F.R.D. at 544; Pflum v. United States, 125 F.3d 862, 1997 WL 606909 at * 1 (10th Cir. 1997); see also Davidson v. United States, 149 F.3d 1190, 1998 WL 339541 at * 1 (10th Cir. 1998), this Court does not have jurisdiction to entertain Mr. Krause's petition to quash.   Therefore, the Court should dismiss Richard Krause's petition to quash for lack of jurisdiction.

---

[30]  See Summons, Ex. O to Waterbury Dec., at 3.

[31]  Waterbury Dec. at ¶ 3, 12-13.

1356257.1

<u>CONCLUSION</u>

For the foregoing reasons, the Government respectfully requests that the Court grant its motion to dismiss Richard Krause's Petition To Quash for lack of subject matter jurisdiction.

Respectfully submitted,

ERIC F. MELGREN
United States Attorney

<u>/s/Janene Marasciullo</u>
JANENE M. MARASCIULLO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 305-2334
Facsimile:  (202) 514-6770

1356257.1

EXHIBIT  LIST

| Exhibit # | Document |
|---|---|
| 1 | Declaration of Marsha K. Waterbury |
| | |
| A | IRS Official Transcript for 1994 |
| B | IRS Official Transcript for 1995 |
| C | IRS Official Transcript for 1975 |
| D | IRS Official Transcript for 1978 |
| E | IRS Official Transcript for 1979 |
| F | IRS Official Transcript for 1980 |
| G | IRS Official Transcript for 1981 |
| H | IRS Official Transcript for 1982 |
| I | IRS Official Transcript for 1983 |
| J | IRS Official Transcript for 2005 |
| K | Property Records for 7711 Oneida Court |
| L | Utility Records for 7711 Oneida Court |
| M | Property Records for 37 Mission Road |
| N | Records on Drake Enterprises |
| O | IRS Summons |

1356257.1

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the MEMORANDUM OF LAW
IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS has been made upon the
following by mailing a true and correct copy thereof, by First Class United States mail, this 27th
day of September 2005:

> Brian G. Grace, Esq.
> Law Office of Brian G. Grace
> 100 North Broadway, Suite 510
> Wichita, KS 67202
>
>  /s/ Janene Marasciullo 
> Janene Marasciullo