# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD D. KRAUSE, TRUSTEE OF THE KRAUSE CHILDREN'S TRUST I, II, III, IV, AND V<br><br>Petitioner,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Respondent | Case No.: 05-1243-WEB |

## DECLARATION OF MARSHA K. WATERBURY

I, Marsha K. Waterbury, declare under penalty of perjury as follows:

1. My name is Marsha K. Waterbury. I have personal knowledge of the facts set forth in this declaration.

2. I am a revenue officer with the Internal Revenue Service in Wichita, Kansas. I have worked for the IRS for 32 years. As a revenue officer, I am authorized to issue administrative summonses pursuant to sections 7602 and 7603 of the Internal Revenue Code and section 301.7602-1 of the Treasury Regulations.

3. On June 1, 2005, I was assigned responsibility for identifying assets that could be used to satisfy taxes that had been assessed against Gary E. Krause.

4. The IRS has assessed federal income taxes and interest against Gary E. Krause in the amount of $2,603,495.31 for the years 1975, 1978 -1983, 1986, 1994 and 1995.

5. On December 1, 1999, the IRS made assessments against Mr. Krause for the years 1994 and 1995 in the amounts of $60,725.01 and $239,267.81 respectively. True and correct

copies of the official IRS transcripts of Mr. Krause's tax liabilities for 1994 and 1995 are attached hereto as Exhibits A and B respectively.

6. On May 31, 2001, the IRS sent assessment notices to Mr. Krause for the years 1975, 1978-1983, and1986. The 1975 assessment was for $11,982.62, the 1978 assessment was for $393,919.32, the 1979 assessment was for $104,665.54, the 1980 assessment was for $178,438.54, the 1981 assessment was for $ 89,294.04, the 1982 assessement was for $711,092.52, the 1983 assessment was for $773,649.96, and the 1986 assessment was for $40,460.99. True and correct copies of the official IRS transcripts of Mr. Krause's tax liabilities for 1975, 1978, 1979, 1980, 1981, 1982, 1983, and 1986 are attached hereto as Exhibits C, D, E, F, G, H, I, and J respectively.

7. During my investigation, I could not find any assets held in Gary Krause's name. However, I discovered suspicious transactions between Gary Krause and two trusts, identified as Krause Children's Trust No. I and Krause Children's Trust No. 5. Petitioner, Richard D. Krause, is the trustee for both these trusts.

8. For example, Gary E. Krause currently resides at 7711 Oneida Court, Wichita, Kansas ("the Oneida Court property"). To determine whether this real property is held by nominees of Gary Krause, I reviewed the public records located in the Sedgwick County Courthourse. The public records revealed that this property was deeded to Gary Krause's ex-wife, Teresa Briggs Krause, on October 4, 1995.[1] On April 7, 1998, an entity known as the Krause Children's Trust No. 5 provided Ms. Krause with a mortgage in the amount

---

[1] Gary and Teresa Krause were divorced on November 15, 2002. Teresa Briggs Krause currently resides at 1709 W. Anita Avenue in Wichita, Kansas.

of $305,000. Less than a year later, Ms. Krause executed a quitclaim transferring the Oneida Court property to Krause Children's Trust No. I. See Exhibit K.

9. In furtherance of my investigation, I served summonses upon Kansas Gas Service and Westar Energy, which provide the utilities to the Oneida Court property. The records obtained from the utility companies identify Ms. Teresa Briggs Krause as the account holder, although she currently resides at 1709 W. Anita Avenue in Wichita, Kansas. The documents obtained from the utitlities also indicate that Gary Krause is paying the utility bills for the Oneida Court property. Indeed, the most recent utility payments were made by checks signed by Gary Krause and drawn on the account of Financial Investment Management Corporation, an entity incorporated by Gary Krause. See Exhibit L.

10. I also noticed several unusual transactions involving another piece of residential property, 37 Mission Road, Wichita, Kansas, which was formerly owned by Gary and Teresa Krause. According to the public records, Gary Krause and Teresa Briggs Krause purchased the 37 Mission Road property on April 13, 1988. On June 25, 1992, Gary and Teresa Krause obtained a mortgage in the amount of $101,401 against this property. Shortly thereafter, on December 28, 1993, Gary and Teresa Krause obtained an additional mortgage in the amount of $90,000 against this property. On February 2, 1996, Teresa Krause transferred her interest in the 37 Mission Road property to an entity known as Drake Enterprises. Gary Krause executed a quitclaim deed to Drake Enterprises on March 16, 1998. Drake Enterprises subsequently transferred the 37 Mission Road property to Stephen and Judy Burns on March 16, 1998. See Exhibit M. Significantly, public records indicate that Gary Krause is the president of Drake Enterprises, which he

established on November 11, 1998, and that his minor son, Drake Ellsworth Krause, is the primary stockholder of Drake Enterprises. See Exhibit N.

11. I also discovered that there were three other Krause Children's trusts. In total, there are five trusts, which are called Krause Children's Trust No. I, Krause Children's Trust No. II, Krause Children's Trust No. III, Krause Children's Trust No. IV, and Krause Children's Trust No. V. Richard D. Krause is identified as the trustee of each trust.

12. After discovering the suspicious transactions between Gary Krause and Krause Children's Trusts No. I and No. V, I began to investigate whether the trusts were bona fide trusts or simply nominees used by Gary Krause to hide his assets. In the event that the transactions between Gary Krause and the trusts were fraudulent conveyances, I also wanted to determine whether the trusts held assets which could be levied upon to satisfy Gary Krause's substantial tax debt.

13. On July 8, 2005, in furtherance of my efforts to collect the taxes that have been assessed against Gary Krause, I served an attested summons upon trustee Richard D. Krause. See Exhibit O at 2.

14. The summons directed Richard Krause to appear at the IRS offices in Wichita, Kansas, on August 5, 2005, to provide testimony and produce "all records in [his] possession pertaining to the following trusts: Gary E. Krause Trust, Krause Children's Trust No. I, Krause Children's Trust No. II, Krause Children's Trust No. III, Krause Children's Trust No. IV, and Krause Children's Trust No. V." Specifically, the summons required Richard Krause to produce the documents establishing the trusts, bank records of the trusts, records of trustee meetings, correspondence between Richard Krause and other

trustees, trustors, and beneficiaries, correspondence with attorneys, all records pertaining to property in which the trusts have an interest, and insurance records. See Summons, Ex. O at 4.

15. The IRS needs the information sought in the summonses to determine whether the trusts are bona fide trusts or simply nominees of Gary Krause. To the extent that the trusts are simply nominees of Gary Krause, the IRS needs the information regarding the bank statements and property interests of the trusts to identify assets that could be used to satisfy Gary Krause's tax liability.

16. On July 20, 2005, I received a phone call from Gregory Franken, who identified himself as an attorney representing Richard Krause. Mr. Franken advised me that Richard Krause was on vacation and, therefore, he needed additional time to produce the documents. He did not raise any objection to producing the documents on the basis of attorney-client privilege or any other objection.

17. I advised Mr. Franken that I could not discuss the summons with him until he filed a Power of Attorney (POA) on behalf of Richard Krause, and further advised him that I would be happy to discuss scheduling once Mr. Franken filed the POA.

18. Mr. Franken sent me a POA later that day. However, he did not call to make alternative arrangements to produce documents or to reschedule the interview of Richard Krause.

19. I had no further contact with Mr. Franken or Richard Krause before Richard Krause filed the Petition to Quash the summons on July 28, 2005. Neither Mr. Franken nor Richard Krause produced any documents prior to filing the Petition to Quash.

20. Richard Krause did not appear for testimony on August 5, 2005 as directed by the

summons. Neither Mr. Krause nor Mr. Franken contacted me to reschedule the time and place for Mr. Krause's testimony.

21. On August 5, 2005, I returned to the Sedgwick County Courthouse and discovered that shortly after Richard Krause filed the petition to quash, he executed a trustee's deed that transferred the 7711 Oneida Court property to PHR, LLC. See Exhibit P. Further investigation revealed that PHR LLC was incorporated on July 29, 2005, and that Richard Krause is the registered agent of PHR LLC.

22. Mr. Franken called me on August 31, 2005. Mr. Franken stated that a Department of Justice attorney had called Mr. Krause's litigation counsel, Brian Grace, regarding the Petition to Quash, and that Franken would provide the documents requested in the summons by Friday, September 2, 2005.

23. Although Mr. Franken produced some documents on September 2, 2005, he did not produce most of the documents sought by the summons. For example, although Mr. Franken produced copies of the trust agreements on all 6 trusts, he did not produce Exhibit A or Exhibit B to the trust agreements. The failure to produce Exhibit A to each trust agreement obstructed the IRS investigation because the trust agreements indicated that all the property owned by each trust was listed on Exhibit A. Furthermore, although Mr. Franken produced bank statements for Krause Children's Trusts I, II, and III and the Gary Krause Trust for the years 2002-2005, he did not produce bank records for prior years and he did not produce the supporting documentation, such as cancelled checks, deposit information which would show the source of the information. Mr. Franken also failed to produce any information on Krause Children's Trusts IV and V. Finally, Mr.

Franken produced some bank statements that do not bear any bank account numbers and bank statements from two accounts that do not identify the holder of the account.

24. On Tuesday, September 6, 2005, I contacted Mr. Franken to request the missing information. Mr. Franken indicated that he was "working on" the production and promised to provide the missing information on September 12, 2005.

25. Mr. Franken did not produce any further information on September 12, 2005. However, on September 13, 2005, Mr. Franken produced additional documents, including Exhibits A and B to each trust agreement. However, Exhibit A to each trust agreement identifies the property owned by each trust as "cash and other property." Mr. Franken has not produced any further documents identify the "other property" held by the trusts. Likewise, he has not produced any bank statements for Krause Children's Trusts IV and V.

26. The IRS does not have the information requested in the summons in its possession.

27. The requested information is necessary to determine the bona fides of the trusts and to identify the assets of the trusts. Moreover, the August 5, 2005 transfer of the 7711 Oneida Court property indicates that petitioner Richard Krause may be assisting Gary Krause in attempting to hide assets.

28. The IRS has not made a criminal referral to the Department of Justice within the meaning of 26 U.S.C. § 7602(d).

Pursuant to 28 U.S.C. §1746, I, Marsha K. Waterbury, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 22nd day of September, 2005.

*Marsha K Waterbury*
MARSHA K. WATERBURY